Good morning. We will be hearing one case this morning. That will be Inre Aquilino, number 24-1781. And we will begin with Mr. Hutchison. Good morning, Your Honors. May it please the Court, my name is Dan Hutchison and I represent Louie and Robin Aquilino. It's an honor to be here, Your Honors. I would like to reserve two minutes for rebuttal. This case involves disclosures of attorney's fees under the bankruptcy code. This case involves disclosures of attorney's fees in bankruptcy cases. And it is my position, Your Honors, that section 329 of the bankruptcy code, coupled with Federal Rule of Bankruptcy Procedures 2016 and 2017, require disclosure of any agreement that the debtor and their counsel enter into within the year preceding the filing of the bankruptcy case. 2016b further indicates that the debtor's counsel must supplement his disclosure any time after the order for relief with an additional disclosure indicating what that fee arrangement or payment is. And does this include fees that will not be paid out of the bankruptcy estate? Your Honor, I believe that it does not make a difference if these are fees to outside of the bankruptcy state or inside. 2017, actually, if counsel is appointed by the bankruptcy judge, then and only then will they be getting paid from the bankruptcy estate. I believe that's the Lamy decision, Your Honor. 2017, Federal Rule of Bankruptcy Procedure 2017 permits the court to review any arrangement or agreement entered into prior to the order for relief. 2017b says if the fee arrangement or agreement was entered into after the order for relief, then upon motion of the trustee, the debtor, or the court on its own may review the arrangement to determine if it's excessive. It's also important to understand that the debtor's counsel has a fiduciary duty that is owed to the bankruptcy court. And the court looks at this duty seriously in circuits throughout the country, the 2nd, the 5th, the 7th, the 6th, the 9th, the 10th. In each of these circuits, bankruptcy courts or these circuit courts have disgorged all attorneys' fees where the disclosures were problematic. Well, let's talk about that remedy because we review for abuse of discretion, right? And is it your position that total disgorgement is per se within the discretion of a bankruptcy court? Your Honor, I believe that it is within their discretion to disgorge all fees. I do believe that. But I believe bankruptcy courts are courts of equity and they can take into consideration other factors. We've seen in the 5th Circuit where a bankruptcy court fashioned a remedy which did not disgorge all fees, but the circuit... So here, your client was happy with the post-petition services and they voluntarily entered into the letter agreement and then reneged on it. Why shouldn't the district court have taken that into account? Well, when a debtor is in the midst of a bankruptcy case and their home is being liquidated and the other home is potentially being liquidated, they are in a situation where they have put complete faith and trust in their counsel and they're being protected by that counsel. And if you're in the midst of that bankruptcy case, I would suggest that there be no reason for them to be protected by counsel if they tell counsel they've sold the house. Like, they didn't even tell him, right? Well, in this case, your Honor, the agreement was made prior to the sale of the home. It was given to the Aquilinos and said, we will discount a $151,000 legal fee bill. We'll discount it to $113,000. You can pay $113,000 at the time you sell the house and then $13,000 thereafter. That agreement was not disclosed to the bankruptcy court, nor was there an agreement that they would be charged $350 an hour from the inception of the case. Instead, there was a $2,500 flat fee disclosed, amended after the 341 hearing to disclose $3,500. And at no time did the debtor sign a pre-petition fee agreement. So this situation, I don't think is where debtors are happy with the services. Going back to Judge Porter's question, you say this is a court of equity. So aren't equitable defenses like unclean hands and latches relevant? Well, I think that when you have unclean hands, that is always something that the bankruptcy court is going to look at. But in this situation, that might be a separate argument altogether. This is about disclosure. It's about the fiduciary responsibility that debtors counsel has to the court. Well, we can come back to the disclosure and Seventh Amendment issues, but you had gone to the issue of remedy. So assuming that there was a disclosure violation and that the action, the proceeding is not barred by the Seventh Amendment, on remedy, is there any indication here that the bankruptcy court took account of the alleged conduct of your clients in hiding assets, in misrepresenting the valuation of assets, in requiring the filing of amended schedules, entering into the attorney's fee contract post-petition, and for payment when the house was sold, not disclosing when the house was sold, not making that payment? Is there any indication that the bankruptcy court took that into account? Your Honor, I believe the court was well aware of what was taking place in the case. There was substantial briefing done in this, which laid out everything that was happening in the case. With respect to the sale of the property, Your Honor, I just want to point out that this sale took place after the property was no longer an asset of the estate. And there was no court approval process required to sell a post-petition asset removed from the estate. And in fact, I believe, Your Honor, there was correspondence between counsel and the trustee to verify that that would not be necessary. But what relevance does that have to a defense like unclean hands? Well, I don't believe unclean hands is a defense to a failure to disclose. Your Honor, we're talking about the remedy that's appropriate. You've argued in favor of affirming for the bankruptcy court's imposition of a rescission and the total disgorgement. But as an equitable remedy, aren't there equitable defenses to the total disgorgement? I believe that counsel can put forth arguments. I do see my time is up, Your Honor. I want to respond to all your questions. You're on our time. Thank you, Your Honor. 105 gives the bankruptcy court, Section 105 gives the bankruptcy court the inherent power to issue an order to accomplish the objectives. In this case, Your Honor, we're talking about the failure to disclose. The appellee in this matter had the opportunity to put forth all mitigating circumstances why it should not have its fee disgorged. But at no point did it step up with a valid justification for not having a fee agreement and for subsequently amending their 2016-B disclosures twice and never actually informing the court of what their true fee situation was. The letter agreement where my clients were going to spend $100,000 was never disclosed to the court. It came out only through a discovery. I'll ask the clerk if you would add five minutes of time. You started out saying that this is a case about disclosures. Doesn't that beg the question? We're supposed to look at remedy, the remedy available in thinking about whether the Seventh Amendment comes into play. Why isn't this a case about a collection action where it is a legal remedy at issue? I've always taken the position in the case, Your Honor, that Inspector Gadden, Rosen and Vinci, has a Seventh Amendment right to a jury trial after the bankruptcy court determines the reasonableness of the compensation or whether it is entitled to any compensation. In this case, Your Honor, the bankruptcy court indicated that no fees were justified because of disclosure, failure to disclose. So you do not intend in that circumstance to press res judicata in the collection action? Well, in terms of the issue preclusion, Your Honor, the bankruptcy court indicated that no bankruptcy court fees, no fees related to the bankruptcy case, could be pursued in the Eastern District of Pennsylvania. So if that's the argument that you're going to be pressing in the collection action, then doesn't it just make the Seventh Amendment right to a jury trial illusory? Well, Your Honor, I believe the cases B&B Hardware and Park Lane suggest that issue preclusion, I think I wrote it down, the fact that a judgment entered by a juryless tribunal might have an issue preclusive effect in a subsequent legal action does not offend the Seventh Amendment. The way I interpret that, Your Honor, is that if the bankruptcy court has eliminated the potential for attorney's fees to be collected and has indicated furthermore that there's a violation of the automatic stay and that this remedy is sufficient to deter, then there is no Eastern District collection action, Your Honor. It has been resolved in the bankruptcy court and the bankruptcy court, through its powers under 105, has exercised that power. Do you agree that if the bankruptcy court had ordered discouragement of less than the full amount and did not cancel the contract, that in that case a collection action could go forward without preclusive effect to that remaining portion of the fees? I believe that, I mean, if the bankruptcy court said, rather than issuing a disgorgement order and instead under 329 said the fees were excessive, but the appropriate fee is $75,000, then under that analysis, Your Honor, Spector Gad and Rosen-Avenci would be able to go to the Eastern District and collect on that action. In a jury trial? In a jury trial. Were the periodic payments under Section 329, was it not necessary also to make and inform the bankruptcy court of these periodic payments which were not covered by any agreement? Yes, Your Honor. Yes. Could you clear up for us a couple things in the record? The bankruptcy court said that it couldn't decipher from the agreement what had actually been paid because the statement indicated that $3,500 had been paid, but billing statements attached to the Pennsylvania complaint show that that was not credited. Was $3,500 paid? And where in the record do we find that? So, Your Honor, $3,500 was paid. The problem is the firm of Spector Gad and Rosen-Avenci attempted to collect monies without giving credit for $3,500. Was there anything paid beyond the $3,500? The record indicates that an amount of $5,000 was also paid. Where is that in the record? I don't have that. I'll check, Your Honor. Other questions? No. Okay. Is that it? Thank you, Your Honor. Thank you for your rebuttal. Hi, thank you. Good morning. May it please the Court, I'm Wendy Cox and I'm representing the Amicus United States trustee in support of neither party. The United States trustee is here today as the watchdog of the bankruptcy system because the district court's unprecedented decision in this case threatens to substantially impair the ability of bankruptcy courts to supervise debtors' attorneys in Chapter 7 cases. So the bankruptcy court had authority to issue the order that it failed to comply with the disclosure obligations under Section 329. And this court has affirmed similar orders and so have courts of appeals and many other circuits. Where is that authority grounded? Is it in statute? Is it inherent authority? Where should we look? So the duty itself, the protection, stems from the bankruptcy code itself, Section 329A. And 329A does not provide a specific remedy for violations of that provision. So we look to Section 105A of the bankruptcy code, which basically contains the bankruptcy court's residual equitable authority. And specifically, it allows the bankruptcy court to enforce other specific provisions of the bankruptcy code. So do you agree that 329B remedy is, as statutory remedies, only come into play if the question is whether it's excessive? So as a statutory remedy, yes. I don't want to, I want to make sure I'm plain about this. Courts, right, courts have held under their, you know, under their 105 authority or other inherent authority, they can, they can order disgorgement under Section 329A. That's a well accepted remedy for these kinds of actions. And they've also held, right, that in the Lewis case, for example, that the fees don't have to be excessive in order to award that remedy. But I agree with you that it comes from a different source and not specifically from Section 329B. In determining what amount should be disgorged, would the fact that this involves a law firm that should have known better be a factor that the court, that, excuse me, that the trustee would consider in determining whether or not to order full disgorgement? So, so, Your Honor, I apologize, but the government here is not taking a position on the particular remedy that was awarded. We're here because, we're here because to protect the bankruptcy court's authority to enter a remedy in this situation for lack of disclosure. In entering such an order, would it, what are the factors that, that for the penalty that should, that the bankruptcy court should keep in mind? Well, I believe that the factors are, you know, primarily equitable factors. I think the Stewart decision talks about that. But, but yes, that they, the court can consider a number of things such as. But you have no position. I have no position. We just, in fact, our position is that if there is an issue about remedy, that's something that, you know, if you reverse and find that bankruptcy courts have authority to, to take some action to, to issue a remedy for a violation of the 329 disclosure. You're satisfied? I'm satisfied. That, that would then, I would anticipate that that might go back to the district court. And the district court could then, you know, review the issues that it didn't take any, that it didn't decide the first time around. Okay. So, so basically, and so, so there is no right, the district court seemed to sort of, the district court erred because it confused the action in the state court, the state court contract action with this separate protection that's provided under federal bankruptcy law. So what, what was going on in the bankruptcy proceeding was not an adjudication of any law contract, right? It focused on conduct by an officer of the court in the bankruptcy case. So it's, it's unlike, it's unlike other cases like Grand Financiera, where it was just a, a state, prototypical state law action was just brought over. District court said it was, it was made a distinction between post-petition fees that it said aren't part of the bankruptcy estate, right? Like you can bifurcate. What do you, what do you make of that? I don't think that has any relevance. In fact, I think as a practical matter in the Chapter 7 case, the law firm can only bring an action for post-petition fees, because if you have a pre-petition contract, that's either, that has to be, that's barred by the automatic stay. And also it presents a problem if any fees that haven't been paid and haven't been waived also, also cause a conflict of interest. It makes the attorney in a sense, essentially a creditor as well. And so that you can't be the debtor's attorney and also be a creditor in the same case. So I, I didn't find any relevance to that. Is, even post-petition, is there, is, is the mechanism an application for payment? And how do we square that with 327A and 330A and the Lemney decision? Right. So that, so the mechanism is different in Chapter 7 case, because in the Chapter 7 case, debtor's attorneys aren't eligible to apply for, for fees from the estate. So there is no application for attorney's fees under Section 330, but that there still is this very important protection under Section 329. And that, that, that's really important. It's not just meant to protect the estate. It protects, oh, I apologize. I see my time is up. Please continue. My apologies. It protects, it protects a lot of things, right? These kinds of disclosures, the bank, the bankruptcy court can look at these kinds of disclosures and can, and can sometimes identify not only like overreaching by the debtor's attorney, but, but it gives some insight perhaps into the competence of the attorney and whether the attorney is going to provide all the necessary services to the debtor. And it's also, it can also identify conflicts of interest because the source of the payment needs to be identified. So it's... I just want to make sure I'm clear because you had, you had referenced before, you know, post-petition and application for attorney's fees, but that would not be relevant in a Chapter 7 case. Is that right? No, that's correct. That's correct. Not unless somebody, you know, if somebody, the fees are examined, if somebody brings this kind of action or if the bankruptcy court does it sui sponte, but if there, there is not an application for fees. The district court also relied on this distinction between assets that were part of the estate and that were outside of the estate. What relevance does that have for payment of attorney's fees for a debtor in a debtor's attorney in a Chapter 7 case? So, again, I find that, again, as a practical matter, so, so an, a debtor's attorney in a Chapter 7 case wouldn't be able to go after estate assets. They would be barred by the automatic stay. So they, you know, during the, during the pendency of the bankruptcy case, and they, and they wouldn't, so I don't, I don't see how that has no relevance either. All of those, the, the debtor's attorney is required to disclose all of the, all of its arrangements and the payments regardless of, regardless of the source, regardless if they're going to apply for fees. The statute is clear on that. So really there's no relevance to that at all. Can we talk about the question of core and non-core jurisdiction? Oh, yes, of course. Yes. So this, this case is, is, this case is a, is a, this is a core, the bankruptcy proceeding under Section 329 is clearly a core proceeding. Core proceedings are defined, or the Supreme Court has defined them as proceedings that arise under the bankruptcy code or, or that arise, or that can only arise. They call it arising in a bankruptcy case, but that really means a proceeding that can only arise in a bankruptcy case by its nature. And in this case, we actually have both. The, the protection that was being, that was being, that was involved in such as arises, is, comes under, I apologize, Section 329a. It is a bankruptcy code specific protection. And in addition, this kind of, this kind of proceeding can only arise in a bankruptcy case, right? Because it's specific to fees charged by debtor attorneys. You can, you don't have a debtor's attorney unless you have a bankruptcy case. And that's also the, and the disclosures also relate to, they only relate to the fees charged in the case or in connection with the case. So I think there's no question that this is a core proceeding. Should we look for, for that to 157B2A? That is the, in terms of the enumerated core proceedings, one involving matters concerning the administration of the estate? Yes. So, so certainly that's a very, so I'll first start by saying that the enumerated categories are non-exclusive. That's very clear. And there's case law holding that. And also the statute itself says including, which is defined in the bankruptcy code to mean not limiting. That's in Section 1 and 2. But, but in addition to that, you know, the, the, the category of, you know, involving the administration of the estate is very, is very broad. And this was, this is clearly, I spoke with you about the, you know, importance of this provision to making sure that, that the bankruptcy court is able to, to do its job in a, in a, you know, in an appropriate way, which it can't do without these disclosures. So it could, it could also potentially fall into that category. I think the bankruptcy court didn't necessarily think it did, but it, but ultimately that doesn't matter because it clearly arises under the bankruptcy code and can only arise in a bankruptcy case. Is it a problem for 2A that in a case like this with the debtor's attorney, we're talking about assets that are outside of the estate? Is it, are we still talking about court jurisdiction? Oh, okay. Yes. In terms of relying on 2A at all. Is there significance to the fees for a debtor's attorney in a Chapter 7 case being outside of the estate? So I would have to say, I'm, I'm going to have to apologize. I, it didn't seem, it didn't seem relevant. You don't need to find, you didn't need to find the provision that it fell under when it was so clearly arising under the bankruptcy code and arising in a bankruptcy case. So it was, so it's, it's unnecessary for this court to find that it falls within one of those enumerated categories. Questions? The court has no further questions. Thank you. We would ask you to reverse the decision. Good morning, Your Honors. My name is Daniel Dugan. I'm here on behalf of my law firm, Inspector Gadden Rosenvinchi, on this appeal. And I think the, the issues that are here, a couple things to remind the court about the facts. I'm really shocked by this case, that an experienced law firm that has, I'm sure, done many bankruptcies would fail to live up to the requirements of Section 329. Your Honor, we did not fail to live up to the requirements of 329. We complied with 329 fully. Then why were not reports made at the time, for instance, that partial payments were made? Because, I'm sorry, Your Honor. Excuse me? I didn't mean to cut you off. I'm sorry. Why weren't reports made of the partial payments, as an example? There were no partial payments. There were no partial payments? There were no partial payments, Your Honor. Was there billing for? There were, there was billing. Yes, there was. Under the agreement we reached and what we disclosed and what the record reflects, particularly in a supplemental letter that I sent to the court, actually, that Ms. Baskin was handling this bankruptcy. And she's an experienced bankruptcy attorney. She's been doing this for 35 years, okay? We had represented the Aquilinos, some of their other businesses who had gone through a bankruptcy. They had, we had a relationship with the Aquilinos and we told them what we were going to do. We were going to file the return. We expected this to be a no-asset bankruptcy because that's what they represented to us was the case. We filed the disclosure and according to the way Ms. Baskin has done this for 30 years, she disclosed on the form that we were doing this. She did not check off the box of doing other things, okay? We disclosed all of this and we acted in accordance with the promises the Aquilinos made to us and the promises we made to the Aquilinos. The Aquilinos, I'm sorry. Did you disclose the letter agreement? Did you disclose the letter agreement? To the bankruptcy court? Yeah. No. And that's because that work fell outside of the boxes that were checked? Correct. Correct. We were not going to represent them in anything other than the filing of the petition, representing them at the creditor's committee meeting and doing those minimal tasks in connection with the bankruptcy. I'm sorry. I'm struggling with that. Looking at the form, number six says, in return for the above disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including A through E. And D is representation of the debtor in adversary proceedings and other contested bankruptcy matters. Those could only arise post-petition, correct? Yes. So the terms of what was filed before the bankruptcy court say that Specter Gadden agreed to render legal services for all aspects of the bankruptcy case, including post-petition services. That is the dispute that the bankruptcy court never resolved. How is that a dispute when the text of what was filed says that includes representation of the debtor in adversary proceedings and other contested bankruptcy matters? Because the way in which Ms. Baskin typically completes these forms, and these forms were done in April or so of 2020 at the beginning of the pandemic, the office was closed. But the way Ms. Baskin typically fills out these forms, she only checks the boxes if there's going to be work done in those categories. When it's not checked, that means there's not going to be any work done. This form also has a cross-check. And seven says, by agreement with the debtor, the above-disclosed fee does not include the following and allows the opportunity to make exclusions for things that otherwise would appear to be included under the all aspects of the bankruptcy case in six. But the way, no, Your Honor, because if the boxes had been checked above and certain things in those were going to be excluded, that would be the portion in which the exclusions would be noted. So you're saying that the regular practice of the firm is to enter into post-petition agreements and receive post-petition payments for aspects of the bankruptcy case without disclosing them to the bankruptcy court? No, that's not, that's not at all. If there were going to be, this form, the way it was filled out and the way it was explained to the bankruptcy court below, if the sub-boxes were not checked, that means we were not providing services in those categories. That's the way Ms. Baskin has done this over her practice for years and it's never been an issue before. When you sent out supplemental bills, were they notified, was notice of them given to the bankruptcy court? No, Your Honor. Is that not required under 329? No, it is not, Your Honor. If you're billing beyond what you have agreed to? It is not, Your Honor, because we never provided those services. We never disclosed that we were going to be providing those services. But you made supplemental bills beyond what was, you just admitted that you sent out supplemental bills, they weren't paid. Well, Your Honor, maybe there's a distinction between what Your Honor refers to as supplemental bills. We sent out bills for the services that were not encompassed in the bankruptcy services that we were providing to the Aquilinos. And that was not, notice of that was not provided under 329 and you're saying that's not required? Isn't that in addition to... It's not required under 329. The way we completed Form 1016B and according to the way Ms. Baskin has typically provided and completed her 10 2016B. Was your letter, was that letter agreement made after one year before the date of the filing of the petition? Yes. And was it for services rendered in connection with the bankruptcy case? I can't stand here and say in the most broadest sense it wasn't, but it was not in connection with anything relating to the bankruptcy administration. Because it related to non-estate assets and for work that was not done as part of the bankruptcy. So your view is that the services that were provided to the debtor during the bankruptcy case were not in connection with the bankruptcy case? My argument is a little different than that, Your Honor. My argument is that from the beginning, the purpose of 329 is to protect creditors so that they know what's and also to prevent the debtors from being taken advantage of by the attorney. None of those purposes apply here. The Aquilinos knew from the outset what was happening. They caused, frankly, the fees to be higher than they would otherwise have been. The fees may be entirely reasonable, but isn't the purpose for the court and the trustee to have the opportunity to review the fees that are being charged or have been paid to determine whether they're excessive? To the extent that within the scope of the 2016B disclosure, yes. But in this case, it wasn't. And what were they in connection with then? I'm sorry? What were they in connection with? The additional fees. They were for services we performed with them for the Aquilinos. I mean, it wasn't estate planning or something. No, I have to admit it was in connection with the bankruptcy. Yeah. But you said a moment ago that it wasn't in connection with the bankruptcy case. Well, it's not in connection with the bankruptcy case on the services we disclosed in the 10-2016B affidavit. By that, you mean pre-bankruptcy planning, preparation of the petition and schedules, attendance at the 341 hearing?  And nothing beyond that? Correct. It was for discussions with the trustee about getting certain assets exempted from the estate, taking them out of the estate, problems with ownership of properties elsewhere that hadn't been disclosed to anybody. I mean, there were a lot of stuff. I see that that is clearly covered by 329. That's a matter of disagreement, Your Honor. We don't agree with that. And perhaps we can issue an opinion so the lawyers in this jurisdiction will understand what is required by 329 in view of the fact that from what you are saying, in my opinion, I don't think that you are abiding by 329 or maybe you're just not understanding what's covered. Let's say we disagree with you on the disclosure issue. Can we talk about remedy and the 100% disgorgement? Did you make any equitable arguments to the court about Aquilina's conduct? We disclosed the nature of their conduct and what they had done and why the fees were what they were and that they reneged on the letter agreement and that they sold the house without telling us about it. They kept the proceeds of it. They kept the proceeds of others' stuff and they breached the letter agreement with us. Yeah, we put that before the court. The court ignored it. He was unmoved. Excuse me? I guess he was unmoved. Well, I assume so. I mean, I think that the judge acted improperly in making his determination on this. I think that one of the issues here that hasn't been focused on is that while everybody talks about disgorgement, we never received any money. We received the initial few thousand dollar payments and that's it. This is not where we have in our hands money that's subject to all the other cases that the court had asked us to look at it. And so all of those talk about money having already been received. No, he wiped out your bills essentially. He didn't. Well, yeah, it was a future order and I'm not sure he has the power to do that. And he certainly didn't take into account the equitable considerations that Your Honor had raised with Mr. Hutchinson during his argument. And the issue is, and I have to say, they waived their arguments in their appeal to the district court. They didn't raise any of their issues before. They didn't raise the core non-core issue. They didn't raise the Seventh Amendment argument. They waived all of those. And I don't know that they can reassert them here having waived them before the district court. Mr. Duggan, you said a moment ago that there's a question whether a bankruptcy court has the power to rescind a contract as a sanction for failure to disclose. What do you base that on? Just because there's no power, there's no statute giving them that power. They have the power to review the contracts. They have the power in the right instances. All the cases, for example, involve willful conduct, callous, indifference, fee-shifting arrangements, things that were clearly illegal and wrongful. But I didn't see any cases where just because of a technical violation that the court has the power to cancel a contract. They certainly... I think there's a difference between discouragement and... Excuse me. I'm sorry. To be clear. Sorry. So your argument is that the bankruptcy court does have that power, but that it wasn't appropriate to exercise it in this particular case. Is that right? I think that's a fair statement. Okay. The Seventh Amendment issue obviously is addressed by the district court. And we have a Supreme Court decision that speaks specifically to the predecessor statute to 329, specifically Section 60, then 60D, where the Supreme Court said that it didn't deprive parties of their rights secured under the Seventh Amendment. The Supreme Court seems to have reinforced that with Grand Financiera. Why don't we have binding Supreme Court authority that there's not a Seventh Amendment problem with enforcing the disclosure requirements through a 329 proceeding? Because we didn't have a full and fair opportunity before the bankruptcy court to determine that we had not violated 329A. We put argument in, the court didn't have an evidentiary hearing, the court didn't make any factual determinations one way or the other. We haven't had that full and fair determination. In all the cases that the court has directed us to look at, I think in all but one, there were evidentiary hearings on it. The courts made findings based on the facts. Here, the court simply ruled on the written evidence and the arguments. We didn't have a full and fair determination chance to put our case before, and the court did not make findings based on evidence in the record. Is it your position that an evidentiary hearing is required before a bankruptcy court can issue sanctions for a disclosure violation under 329? Yes. And where do you find authority for that? All the cases that you cited, all the cases that you told us to look at, every single one of them except one, there was an evidentiary hearing, and in that one, the evidence was undisputed. The court has to make findings that there was a violation, and in terms of imposing any kind of remedy, it has to make findings that there was a willful, callous, indifferent, illegal, improper statement. And until and unless the court does that, it cannot impose these draconian sanctions. And if we should determine from the record before us that there was a violation, the 329A, then can we, as a court of appeals, uphold the sanction that was imposed? Well, you can sort of do anything you want at it, probably, but I don't think so. Because there was an abuse of discretion? There was an abuse of discretion on doing it, and there's an insufficient record to make that determination. If the bankruptcy court couldn't make it based on just the arguments, I'm not sure that this court can make it. What exactly is in dispute in terms of the facts? If you're requesting an evidentiary hearing, what remains disputed facts? We would call Ms. Baskin, for example, to the stand to explain her, the way in which she filled out 2016B, how she has done it, what the meaning of it was, and answer whatever ambiguous questions Judge Roth had asked about whether this doesn't show, as a matter of law, that there was a problem. She could explain that. She could explain her history on doing it. She could put before the court all of the evidence showing that we did not violate 329A. And the court would then have a record on which to base it. Right now, the court seems to have just disregarded the proffers that were made as to how the 329A affidavit was put together. But you have admitted that you sent out billings, in addition to what had been originally filed, without revealing them to the bankruptcy court. Yes. We don't think we were required to do that, given the fact that we didn't violate 329A to begin with, and that the services we provided were outside the services we disclosed to the court that we were going to provide to them. We had done a house closing. They were with the bankrupt party, and they were in connection with the bankruptcy proceeding. And 329 is a very broad stroke. I don't think they're covered any more than they would be covered if we did a home closing for the Aquilinos while they were still in bankruptcy of the home that they sold out from under us after promising to use that to pay their fees that they owed to us. So let me make sure we correctly understand the record in terms of the services provided. Because I thought from your brief, those services included investigating the assets, determining the valuation of those assets for purposes of the bankruptcy estate, and then submitting amended schedules to the bankruptcy court. You're saying those are not services in connection with the bankruptcy case? No, I'm not saying that. Okay. And is there any... They are services, but they were excluded from the agreement we had made with them. They don't involve anything regarding the bankruptcy estate, and they are not... And there was no protection needed for the Aquilinos because they were fully informed of everything and kept up to date, knew about everything, and agreed to it, and praised the services that they received. But is the fact that the bankrupt person is fully informed, my understanding is that that is irrelevant under 329. I'm not sure it's irrelevant, Your Honor. The basic purpose of 329 is twofold. One, to protect creditors so that they know if any state assets are being impugned. And the second one is to protect debtors from overreaching attorneys, neither of which apply in this case because the Aquilinos knew every step of the way, everything that was going on. And they never complained once. And in fact, they praised the services that were being provided to them. Is the decision whether to hold an evidentiary hearing, is that within the discretion of a bankruptcy court? Is there a statutory basis for a hearing? I'm not aware of any statutory basis, Your Honor. That would compel them to do it, no. And 329A talks about services in connection with the case, not with the bankruptcy estate, right? Yes. Yes. But if you read the two subsections of 329 together, it's clear that they're talking about excessive fees. And the case law is clear as to the reasons for, the reasons why 329 is in place. And neither of those reasons apply here. On the question of the record, your colleague on the other side of the aisle indicated that there were payments of both 3,500 and 5,000. Do you agree that those are the sums that were paid? Yes. And do you know where we find that in the record? No. I'm not sure it is in the record, Your Honor. But I do agree that those sums were paid and pursuant to the order of the bankruptcy court, they have been returned. So we are currently holding no fees of any kind that were paid by the Aquilinos or on their behalf. And is there any case you can point us to? I mean, your Seventh Amendment argument that there can't be a 329 proceeding in effect if it has a preclusive effect on a collection action appears to have been rejected not only by the Supreme Court cases I mentioned, but by five other circuits at this point. Is there any case law to which you can point us? The case law that's out there, I think, confirms that you have to judge this on the grounds of whether there is, in fact, a basis for issue preclusion. The issues in 329 in determining whether the form wasn't filled in properly or the wrong form was filled in or the box wasn't checked is not the same issues in the collection action. It is a statutory issue and the only question, the only legal question is, was that 329A violated? That's it. It doesn't reach the question of was there a contract between us and the Aquilinos. It doesn't reach the question of whether they breached that contract. And three, it doesn't reach the question of whether the Aquilinos have to pay us on the contract that they breached. Those are the issues that are in the collection action. They are not in 329A. So 329 can't preclude us. You have a bankruptcy court that did make the determination that there was a violation of the disclosure requirements. Yes. Right, and it imposed sanctions on that basis. It imposed sanctions, yes. That doesn't preclude us from pursuing our collection action. And the sanctions it imposed were that it purported to cancel the contract, which is beyond, we don't think it had the power to do that. We think the power, the remedy they imposed was erroneous. I thought your argument, it wasn't the entire import of the brief, that because of the preclusive effects on the collection action that the bankruptcy determination and sanction could not stand. I'm sorry, I, can you repeat that, Your Honor, I lost it in the middle. The brief, your briefing seemed to argue that the Seventh Amendment, in effect, prevented the bankruptcy court from issuing the sanctions ruling that it did because of the consequence that would have for your jury trial right. Now you're saying it's a completely different issue. It's not completely different, but the way they have wanted to interpret it, the 329 issue presents a legal issue that doesn't preclude us from pursuing a jury trial. The way they've wanted to interpret it by arguing that they've determined the reasonableness of the fees would preclude us from pursuing the collection action. But was there anything in the bankruptcy decision about reasonableness of fees? Didn't the bankruptcy court impose a sanction under its inherent authority for disclosure violations? Right, and it did that without a full and fair hearing and without us being able to pursue our rights under this, under, to a jury trial. On the disclosure, I wonder if it helps to think of it as not so much an initial disclosure, 329 disclosure problem, but a supplemental rule thousand, 2016 supplemental disclosure problem. Because I can, I guess I can see how when you enumerate the services that you're going to do for 3,500 in the initial disclosure, and it kind of plausible, like it's a small amount because you're going to do a small amount of work. But then as the case goes on, there's additional work to be done, it turns out. And so additional work in connection with the case. So when you do the letter agreement, why not disclose that under rule thousand, 2016? Okay, we're, we got beyond that petition. We have a lot more than $3,500 worth of work to do. We're going to do a letter agreement to memorialize it, and we'll disclose that under rule 2016. I don't know the answer to that, Your Honor.  Just because we felt that it was not within the scope of the original services that were contracted with the Aquilinos, and that it didn't involve any assets of the estate. I agree. We weren't over, we weren't taking advantage of the Aquilinos in any way, shape, or form. I agree it was beyond what you disclosed initially. And I agree, at least for purposes of the argument, you weren't taking advantage of But it does seem like it was new work in connection with the case. And there are many 329 cases which include such a situation. I didn't see them in the cases that the court pointed out to me. They were all in cases where the attorney had gotten a lot of money, and had acted willfully, wantonly, and illegally by either fee shifting, or fee sharing, or things like that, that were justification for the sanction imposed. And most of them were in Chapter 11 cases where there was disgorgement because the attorney had actually received the money, unlike the case here where we haven't received anything. Okay, thank you. Thank you. Governor, I have nothing further to add, but if the court would like me to respond to any additional questions, I'd be more than happy to do that. Okay. All right, I think we're all set then. I thank both counsel for our argument today, and we will take this case under advisement.